# EXHIBIT A

Case: 4:22-cv-00237-NCC   Doc. #:  1-1   Filed: 02/25/22   Page: 1 of 18 PageID #: 4

 

Search for Cases by: Select Search Method...

Judicial Links | eFiling | Help | Contact Us | Print   GrantedPublicAccess  Logoff MSHAMLIN78

**2211-CC00070 - JESSE BARBAN V TRANSWORLD SYSTEMS INC (E-CASE)**

| Case File Viewer | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |

**Click here to eFile on Case**
Click here to Respond to Selected Documents

Sort Date Entries:  ● Descending  ○ Ascending

Display Options: All Entries

---

**02/09/2022**  ☐ **Judge Assigned**
JUDGE W. CHRISTOPHER MCDONOUGH IS ASSIGNED TO THIS CASE AS THE DIVISION FIVE JUDGE PER THE ORDER OF JUDGE ASSIGNMENTS AND INDIVIDUALIZED DOCKET PLAN

**02/02/2022**  ☐ **Corporation Served**
Document ID - 22-SMCC-174; Served To - TRANSWORLD SYSTEMS, INC.; Server - ; Served Date - 26-JAN-22; Served Time - 14:23:00; Service Type - Special Process Server; Reason Description - Served; Service Text - SERVED TO BONNIE LOVE INTAKE SPECIALIST

☐ **Notice of Service**
Return of Service.
  **Filed By:** RICHARD ANTHONY VOYTAS JR
  **On Behalf Of:** JESSE LEWIS BARBAN

**01/21/2022**  ☐ **Order - Special Process Server**
  **Associated Entries:** 01/21/2022 - **Motion Special Process Server**  ±

☐ **Summons Issued-Circuit**
Document ID: 22-SMCC-174, for TRANSWORLD SYSTEMS, INC.. SUMMONS SAVED AND ATTACHED IN PDF FORM FOR ATTORNEY TO RETRIEVE FROM SECURE CASE.NET. EPH

☐ **Filing Info Sheet eFiling**
  **Filed By:** RICHARD ANTHONY VOYTAS JR

☐ **Motion Special Process Server**
Request for Appointment of Process Server.
  **Filed By:** RICHARD ANTHONY VOYTAS JR
  **On Behalf Of:** JESSE LEWIS BARBAN
  **Associated Entries:** 01/21/2022 - **Order - Special Process Server**

☐ **Pet Filed in Circuit Ct**
Petition.
  **Filed By:** RICHARD ANTHONY VOYTAS JR

☐ **Judge Assigned**

---

Case.net Version 5.14.49        **Return to Top of Page**        Released 01/21/2022

IN THE CIRCUIT COURT ST. CHARLES COUNTY
STATE OF MISSOURI

**JESSE BARBAN,**

    Plaintiff,

v.

**TRANSWORLD SYSTEMS, INC.,**

Serve at:
    Reg. Agt. C T Corporation System
    120 S. Central Avenue
    Clayton, MO 63105

    Defendant.

Case No

Division

**JURY TRIAL DEMANDED**

**PETITION**

COMES NOW Jesse Barban ("Plaintiff"), by and through his undersigned counsel, and for his Petition states as follows:

**INTRODUCTION**

1. This is an action for actual and statutory damages brought to the Court by an individual consumer for violations of the Fair Debt Collections Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

2. This is also an action for abuse of process, malicious prosecution and punitive damages.

3. Plaintiff demands a trial by jury on all issues so triable.

**JURISDICTION**

4. This Court has jurisdiction of the FDCPA claim under 15 U.S.C. § 1692k(d), as

Defendant's collection activity was directed to Plaintiff at his residence in St. Charles County, Missouri. Plaintiff suffered the harms described herein in Missouri. Venue is proper in St. Charles County, Missouri for this reason.

## PARTIES

5.      Plaintiff is a natural person currently residing in St. Charles County, Missouri. Plaintiff is a "consumer" within the meaning of the FDCPA.

6.      The alleged debt Plaintiff owes arises out of consumer, family, and household transactions. Specifically, the alleged debt arose from an educational loan with Defendant.

7.      Plaintiff has a bona-fide dispute of the debts. While Plaintiff did have educational loans, the balance alleged is not accurate because Plaintiff owes nothing on the loans. Specifically, Plaintiff and Defendant agreed to a settlement which was paid as full; as such, Plaintiff does not believe that the debt is due in owing in any amount to the Defendant.

8.      Defendant is a foreign corporation with its principal place of business located outside the state of Missouri.

9.      The principal business purpose of Defendant is the collection of debts nationwide; Defendant regularly attempts to collect debts alleged to be due to another entity.

10.     Defendant is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6).

## FACTS

11.     At all times relevant, Defendant worked on collecting the subject debts after those debts were already allegedly in default. At no time did Defendant work on collecting the debts while the debts were current.

Electronically Filed - St Charles Circuit Div - January 21, 2022 - 04:10 PM

12. Prior to November of 2021, Defendant filed suit against Plaintiff's aunt in Colorado for Plaintiff's delinquent student loan debts from Plaintiff's two student loans. Plaintiff's aunt was a co-signer on the loans. Plaintiff's aunt alerted Plaintiff to this fact, whereupon Plaintiff was able to secure many thousands of dollars on his aunt's behalf and paid the loans. Defendant was responsible for executing a settlement agreement with Plaintiff's aunt, and specifically released Plaintiff from all further liability with respect to the loans. Plaintiff knew about and helped to negotiate the settlement agreement, which referenced Plaintiff by name and released him. Defendant also knew that Plaintiff was involved and agreed to release him.

13. Notwithstanding this fact, Defendant simply ignored its own release and the information on the debt payment in its own file and proceeded to try to harass and intimidate Plaintiff into paying the debt a second time.

14. This decision proved to be extremely costly for Plaintiff. Plaintiff incurred expenses of tens of thousands of dollars to resolve the Colorado litigation, and Defendant's decision to try and re-collect the debts from Plaintiff deprived Plaintiff of the benefit of these expenditures.

15. In mid-September of 2021, Defendant had contacted Plaintiff and threatened to sue him over the debts at issue.

16. In response, Plaintiff hired attorney Philip Jones and the law firm of Williams, Turner & Holmes to intercede on his behalf. Attorney Jones sent Defendant the settlement agreements that resolved the debts and cautioned Defendant against suing Plaintiff as it was threatening.

Electronically Filed - St Charles Circuit Div - January 21, 2022 - 04:10 PM

17. Nonetheless, out of pure spite and meanness, on November 12, 2021, Defendant filed suit against Plaintiff in St. Charles County Associate Court, Case No. 2111-AC06214.

18. In its Petition, Defendant claimed that Plaintiff owed an amount of $23,141.05 for an educational loan that Plaintiff received in 2006.

19. On November 12, 2021, Defendant filed another suit against Plaintiff in St. Charles County Associate Court, Case No. 2111-AC06216.

20. In its Petition, Defendant claimed that Plaintiff owed an amount of $17,575.71 for an educational loan that Plaintiff received in 2005.

21. While the lawsuits were nominally filed with "National Collegiate Student Loan Trust 2006-3" as the named Plaintiff, it was Defendant in reality who directed, filed and prosecuted both suits. Specifically, Defendant supplied an affidavit in connection with both lawsuits declaring that it was the "subservicer" and that it had personal knowledge of the indebtedness and that it was otherwise authorized to prosecute the lawsuits.

22. Defendant's affidavits were materially false and were designed to mislead and confuse Plaintiff. Specifically, in each affidavit, Defendant claimed, "My statements herein are based on personal knowledge of the educational loan which I obtained…."

23. This was false. Defendant had no such personal knowledge and did not do any work to familiarize itself with the debts, or it never would have brought the lawsuits. If Defendant had personal knowledge, it would have known with certainty that the debts were paid.

24. Defendants affidavits were materially false in that they proclaimed each lawsuit "concerns an unpaid debt owed by JESSE L BARBAN." Plaintiff owed no such debt.

25. The lawsuits that Defendant filed in 2021 were both fraudulent because Defendant knew that it had released Plaintiff from all liability for those debts because Plaintiff had paid and/or settled the same.

26. After being served with the lawsuits, Plaintiff was frustrated and upset.

27. Plaintiff had to seek out, retain and became indebted to counsel to get legal advice on how to deal with the situation.

28. Defendant continued to collect the debt against Plaintiff and refused to end its pursuit of Plaintiff even though it knew the debts were invalid.

29. Defendant's pursuit of the two lawsuits caused Plaintiff great personal distress, frustration, anxiety and sleeplessness. Plaintiff was raising a young family and had no way to afford to pay the large debts a second time.

30. Further, Defendant's above-described conduct has caused Plaintiff to suffer the following additional injuries in fact:

a. Plaintiff has been deprived of his statutorily created right to truthful information about the debt, specifically that Defendants tried to collect an amount that is inaccurate and overstates any amount that could be due or owing to Defendants; specifically, Plaintiff did not owe any amounts to Defendant;

b. Plaintiff was forced to retain and become indebted to counsel for representation in the Lawsuit.

31. The injuries in fact are fairly traceable to the challenged actions of the Defendant in that the Defendant filed two suits against Plaintiff for misrepresented debt.

Electronically Filed - St Charles Circuit Div - January 21, 2022 - 04:10 PM

32. Plaintiff's injuries in fact are likely to be redressed by a favorable decision in this Court.

## COUNT I: VIOLATION OF THE FDCPA

33. Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

34. In its attempts to collect the alleged debt from Plaintiff, Defendant has committed violations of the FDCPA, 15 U.S.C. § 1692 et seq., including, but not limited to, the following:

a. Falsely representing the character, amount, or legal status of the alleged debt, specifically by trying to collect a debt that was not due and owing and by using affidavits to collect a debt that contained numerous false statements.  15 U.S.C. §1692e.

b. Maintaining two lawsuits against Plaintiff and forcing Plaintiff to spend a significant amount for the defense of the same, when Defendants knew at all times that the suit was baseless. 15 U.S.C. § 1692d,f.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendants for:

    A. Judgment that Defendants' conduct violated the FDCPA;

    B. Actual damages in an amount to be determined by the jury;

    C. Statutory damages, costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692(k); and

    D. For such other relief as the Court may deem just and proper.

## COUNT II: ABUSE OF PROCESS

Plaintiff re-alleges and incorporate by reference all of the above paragraphs.

35. Defendant made a(n) illegal, improper, and perverted use of process by filing two lawsuits against Plaintiff containing materially false and inflated amounts for the debt.

36. Defendant had an improper purpose in filing the lawsuit, namely, to harass and oppress Plaintiff for the sport of it, and to achieve a profitable "double recovery" from Plaintiff.

37. Defendant's purpose in filing the lawsuit was to "teach a lesson" to Plaintiff such that Plaintiff would be punished by Defendant's overly aggressive and combative approach to litigation for what Defendant deemed Plaintiff's "irresponsible" behavior in owing a debt in the first place.

38. Defendant could not legally sue Plaintiff for nearly $45,000.00 because Plaintiff did not owe those amounts to Defendant; he owed nothing.

39. Defendant's abusive ends in filing the lawsuit are not authorized by that process.

40. Defendant's abuse of process has caused Plaintiff to suffer actual monetary loss in the amount of funds he has actually paid and still owes his attorney in connection with the defense of Defendant's lawsuit, damaged reputation, humiliation, embarrassment, and oppression.

41. Defendant's actions were wanton, willful, and made in deliberate disregard of Plaintiff's rights.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against Defendant for:

    A. Actual damages in an amount to be determined at trial;

    B. Punitive damages in the largest amount allowable by law; and

    C. For such other and further relief as the Court deems proper.

Electronically Filed - St Charles Circuit Div - January 21, 2022 - 04:10 PM

Electronically Filed - St Charles Circuit Div - January 21, 2022 - 04:10 PM

## COUNT III: MALICIOUS PROSECUTION

42.　Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

43.　Defendant commenced the above-referenced suits against Plaintiff in 2021.

44.　Defendant lacked probable cause to file the suits in 2021 on the ground that Plaintiff's loans were paid off.

45.　Defendant, in prosecuting the suits against Plaintiff, was motivated by malice against Plaintiff.

46.　Both lawsuits against Plaintiff were dismissed with prejudice.  Plaintiff prevailed; Defendant lost.

47.　Plaintiff was damaged by Defendant's prosecution in that he suffered great stress, anxiety, worry and incurred financial losses.  Further, Plaintiff's credit record is forever tarnished because the suits against Plaintiff are available as a matter of public record, and those suits make numerous false claims about Plaintiff not meeting his financial obligations.

48.　Defendant acted, at all times relevant, in mean-spirited fashion towards Plaintiff and deliberately and maliciously prosecuted the suit against Plaintiff when it knew with certainty that the suit, and its claims within the suit, completely lacked merit. Defendant recklessly and wantonly abused Plaintiff thereby.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against Defendant for:

　　　　A.　Actual damages in an amount to be determined at trial;

　　　　B.　Punitive damages in the largest amount allowable by law; and

　　　　C.　For such other and further relief as the Court deems proper.

Electronically Filed - St Charles Circuit Div - January 21, 2022 - 04:10 PM

Respectfully submitted,

**VOYTAS LAW, LLC**

By: /s/ Richard A. Voytas, Jr.
Richard A. Voytas, Jr.  #52046
7321 S. Lindbergh Blvd., Ste 101
St. Louis, MO 63125
Phone: (314) 380-3166
Email: rick@voytaslaw.com

*Attorney for Plaintiff*



**IN THE ELEVENTH JUDICIAL CIRCUIT, ST CHARLES COUNTY, MISSOURI**

| Judge or Division: | Case Number: |
|---|---|
| Plaintiff:<br><br>JESSE BARBAN | Defendant:<br><br>TRANSWORLD SYSTEMS, INC.<br><br>(Date File Stamp) |

## REQUEST FOR APPOINTMENT OF SPECIAL PROCESS SERVER

Comes now ___Plaintiff_____, pursuant to Local Court Rule 4.2.1 and at his/her/its own risk, requests the appointment of:

___Mark Effinger_____   109 Walnut, #785, Festus, MO 63028   314-713-1053___
Name of Process Server                     Address                                    Telephone

_____
Name of Process Server                     Address                                    Telephone

a person(s) of lawful age to serve the summons and petition in this cause on the below named parties. This appointment as special process server does not include the authorization to carry a concealed weapon in the performance thereof.

**SERVE:**                                            **SERVE:**

___Reg. Agt. C T Corporation System___   _____
Name                                                  Name

___120 S. Central Avenue_____   _____
Address                                              Address

___Clayton, MO 63105_____   _____
City/State/Zip                                        City/State/Zip

**Appointed as requested:**

**Cheryl Crowder,**

**Circuit Clerk**

By _____   Date _____
            Deputy Clerk

CIV030



# IN THE 11TH JUDICIAL CIRCUIT, ST. CHARLES COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>JON A. CUNNINGHAM | **Case Number: 2211-CC00070** |
| Plaintiff/Petitioner:<br>JESSE LEWIS BARBAN<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>RICHARD ANTHONY VOYTAS JR<br>VOYTAS LAW LLC<br>7312 S LINDBERGH BLVD<br>STE 101<br>SAINT LOUIS, MO  63125 |
| Defendant/Respondent:<br> TRANSWORLD SYSTEMS, INC. | Court Address:<br>300 N 2nd STREET<br>SAINT CHARLES, MO  63301 |
| Nature of Suit:<br>CC Other Tort | |

(Date File Stamp)

## Summons in Civil Case

**The State of Missouri to:** TRANSWORLD SYSTEMS, INC.
   **Alias:**
REG AGT C T CORPORATION SYSTEM
120 S. CENTRAL AVE.
CLAYTON, MO  63105

*COURT SEAL OF*

**You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

*ST. CHARLES COUNTY*

| 1/21/2022 | /S/  Cheryl Crowder |
|---|---|
| Date | Clerk |

Further Information:

### Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above Summons by: (check one)
☐ delivering a copy of the summons and petition to the defendant/respondent.
☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.
☐ (for service on a corporation) delivering a copy of the summons and petition to:
_____ (name) _____ (title).
☐ other: _____.

Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____        _____
Printed Name of Sheriff or Server        Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**
Subscribed and sworn to before me on _____ (date).
*(Seal)*
My commission expires: _____   _____
Date                                Notary Public

**Sheriff's Fees, if applicable**
Summons                $_____
Non Est                $_____
Sheriff's Deputy Salary
Supplemental Surcharge $     10.00
Mileage                $_____ (_____ miles @ $._____ per mile)
**Total**                  $_____

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.



**IN THE ELEVENTH JUDICIAL CIRCUIT, ST CHARLES COUNTY, MISSOURI**

| Judge or Division: | Case Number: |
|---|---|
| Plaintiff:<br><br>JESSE BARBAN | Defendant:<br><br>TRANSWORLD SYSTEMS, INC.<br><br><br>(Date File Stamp) |

## REQUEST FOR APPOINTMENT OF SPECIAL PROCESS SERVER

Comes now _____Plaintiff_____, pursuant to Local Court Rule 4.2.1 and at his/her/its own risk, requests the appointment of:

__Mark Effinger_____  __109 Walnut, #785, Festus, MO 63028__  __314-713-1053__
Name of Process Server                Address                            Telephone

_____
Name of Process Server                Address                            Telephone

a person(s) of lawful age to serve the summons and petition in this cause on the below named parties. This appointment as special process server does not include the authorization to carry a concealed weapon in the performance thereof.

**SERVE:**                                          **SERVE:**

__Reg. Agt. C T Corporation System____       _____
Name                                                Name

__120 S. Central Avenue_____       _____
Address                                             Address

__Clayton, MO 63105_____       _____
City/State/Zip                                       City/State/Zip


**Appointed as requested:**

**Cheryl Crowder,**   ALL RISKS TO REQUESTING PARTY
**Circuit Clerk**       SO APPOINTED:
By _____ /S/ Cheryl Crowder  4:22 pm, Jan 21, 2022 ____   Date _____
            Deputy Clerk

CIV030

Electronically Filed - St Charles Circuit Div - January 21, 2022 - 04:10 PM

# AFFIDAVIT OF SERVICE

| Case: 2211-CC00070 | Court: 11TH JUDICIAL CIRCUIT, ST. CHARLES COUNTY, MISSOURI | County: ST. CHARLES COUNTY, MO | Job: ARS - 22009 |
|---|---|---|---|
| Plaintiff / Petitioner: JESSE LEWIS BARBAN | | Defendant / Respondent: TRANSWORLD SYSTEMS, INC. | |
| Received by: ASSOCIATED RESEARCH SERVICES, LLC | | For: VOYTAS LAW, LLC | |
| To be served upon: TRANSWORLD SYSTEMS, INC VIA CT CORPORATION SYSTEMS | | | |

I, MARK EFFINGER, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:** TRANSWORLD SYSTEMS, INC VIA CT CORPORATION SYSTEMS, Company: 120 S Central Ave, Saint Louis, MO 63105

**Manner of Service:** Registered Agent, Jan 26, 2022, 2:23 pm CST

**Documents:** SUMMONS IN CIVIL CASE & PETITION (Received Jan 24, 2022 at 10:16am CST)

**Additional Comments:**
1) Successful Attempt: Jan 26, 2022, 2:23 pm CST at Company: 120 S Central Ave, Saint Louis, MO 63105 received by TRANSWORLD SYSTEMS, INC VIA CT CORPORATION SYSTEMS.
SERVED TRANSWORLD SYSTEMS VIA CT CORPORATION SYSTEM LOCATED AT 120 S CENTRAL AVE STE 400 CLAYTON, MISSOURI 63105. SERVICE WAS EXECUTED ON BONNIE LOVE (INTAKE SPECIALIST) ON 1-26-2022 AT 2:23 PM.

Service Fee: $50.00
Non-EST: $0
Mileage: $0
Total: $50.00

_Mark Effinger_  2-1-2022
MARK EFFINGER          Date

ASSOCIATED RESEARCH SERVICES, LLC
109 WALNUT #785
FESTUS, MO 63028
314 713 1053

Signed and sworn to before me, a notary public, on this ___1___ day of FeBRuaRy, 2022
_Katherine Effinger_
Notary Public

8-29-2022
My Commission Expires

Katherine Effinger
Notary Public - Notary Seal
STATE OF MISSOURI
Jefferson County
My Commission Expires: August 29, 2022
Commission # 18818465

Electronically Filed - St Charles Circuit Div - February 02, 2022 - 11:16 AM



# IN THE 11TH JUDICIAL CIRCUIT, ST. CHARLES COUNTY, MISSOURI

| Judge or Division: JON A. CUNNINGHAM | Case Number: 2211-CC00070 |
|---|---|
| Plaintiff/Petitioner: JESSE LEWIS BARBAN | Plaintiff's/Petitioner's Attorney/Address: RICHARD ANTHONY VOYTAS JR, VOYTAS LAW LLC, 7312 S LINDBERGH BLVD, STE 101, SAINT LOUIS, MO 63125 |
| vs. Defendant/Respondent: TRANSWORLD SYSTEMS, INC. | Court Address: 300 N 2nd STREET, SAINT CHARLES, MO 63301 |
| Nature of Suit: CC Other Tort | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: TRANSWORLD SYSTEMS, INC.
Alias:
REG AGT C T CORPORATION SYSTEM
120 S. CENTRAL AVE.
CLAYTON, MO 63105

COURT SEAL OF ST. CHARLES COUNTY

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

1/21/2022 Date    /S/ Cheryl Crowder  Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above Summons by: (check one)
☐ delivering a copy of the summons and petition to the defendant/respondent.
☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.
☒ (for service on a corporation) delivering a copy of the summons and petition to: BONNIE LOVE (name) INTAKE SPECIALIST (title).
☐ other: _____.

Served at 120 S. CENTRAL AVE CLAYTON, MO 63105 (address)
in ST. LOUIS COUNTY (County/City of St. Louis), MO, on 1-26-2022 (date) at 2:23 PM (time).

MARK EFFINGER    /s/ Mark Effinger
Printed Name of Sheriff or Server    Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:
Subscribed and sworn to before me on February 1, 2022 (date).
(Seal) My commission expires: 8-29-2022    /s/ Katherine Effinger
                       Date    Notary Public

Sheriff's Fees, if applicable
Summons  $ 50.00
Non Est  $
Sheriff's Deputy Salary Supplemental Surcharge  $ 10.00
Mileage  $ 0 ( 0 miles @ $ 0 per mile)
Total  $ 50.00

Commission # 18818465
My Commission Expires: August 29, 2022
Jefferson County
STATE OF MISSOURI
Notary Public - Notary Seal
Katherine Effinger

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

SJRC (07-21) SM30 (SMCC)  *For Court Use Only:* Document ID # 22-SMCC-174   1 of 1 (2211-CC00070)   Civil Procedure Form No. 1, SCR 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo